IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND



Greenbelt Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 25-CF-00096-TDC |
| | : | |
| JAMES EARL MCCOLLUM, JR., | : | |
| | : | **Count One:** |
| | : | 26 U.S.C. § 7202 (Willful Failure to |
| Defendant. | : | Pay Over Trust Fund Taxes) |
| | : | |

...oooOooo...

## INFORMATION

The Acting Deputy Assistant Attorney General ("A.D.A.A.G.") charges that:

### INTRODUCTION

At all times relevant to this Information, unless otherwise stated:

*Defendant and Related Entities*

1. Defendant **JAMES EARL MCCOLLUM, JR.**, a resident of Hyattsville, Maryland, was an attorney and a member of the Bars of the State of Maryland and the District of Columbia since approximately 1985 and 1986, respectively.

2. From at least approximately 1988 to the date of this Information, defendant **JAMES EARL MCCOLLUM, JR.**, has been the sole proprietor of a law firm in College Park, Maryland. **MCCOLLUM** used several Maryland entities to operate his law firm (collectively, "the McCollum entities"), each operating out of the same office location in College Park, Maryland, and at times operating simultaneously, including:

    a.    James E. McCollum, Jr. PC, a Maryland corporation formed April 29, 1988 and which operated from approximately April 1988 to approximately October 1993;

    b.    James E. McCollum, Jr. & Associates, P.C., a Maryland corporation formed October 28, 1996 and operated from approximately October 1996 to approximately January 1997;

    c.    James E. McCollum, Jr. & Associates, Inc., a Maryland corporation formed January 15, 1997 and operated from approximately January 1997 to October 2002;

    d.    McCollum, P.C., a Maryland corporation formed October 25, 2000 and operated from approximately October 2000 to December 2004;

    e.    McCollum & Associates, LLC ("McCollum & Associates"), a Maryland domestic limited liability company registered June 16, 2004 and operated from approximately January 2004 through October 2021; and

    f.    The McCollum Firm, LLC ("The McCollum Firm"), a Maryland limited liability company registered January 8, 2019 and operated from approximately January 2019 through the date of this Information.

3.    The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

4.    Pursuant to Title 26 of the United States Code, United States citizens and permanent residents who received gross income in excess of the minimum filing amount established by law for a particular year were generally required to file an income tax return with

2

the IRS for that year. Individual income tax returns were generally due on April 15 following the end of the year. An individual could apply for and receive an automatic six-month extension of time for filing the return by filing IRS Form 4868, Application for Automatic Extension to File U.S. Individual Income Tax Return.

5. Pursuant to Title 26 of the United States Code, a domestic limited liability company ("LLC") with only one member, including McCollum & Associates and The McCollum Firm, was disregarded for income tax purposes, unless it elected to be treated as a corporation. An LLC member was required to report any activity conducted for income or profit on a Schedule C (Sole Proprietorship), attached to the taxpayer's income tax return.

6. Pursuant to Title 26 of the United States Code and associated statutes and regulations, employers, including the McCollum entities, were required to withhold amounts from their employees' gross pay including federal income taxes and Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes. These taxes will be referred to in this Information collectively as "trust fund taxes" because employers hold these withheld amounts in trust until paid over to the United States. Employers were required to remit these withheld, trust fund taxes to the IRS on a quarterly basis, no later than the last day of the month following the end of the quarter.

7. In addition to the trust fund taxes that must be withheld from the employees' pay, employers, including the McCollum entities, were separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions were likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly were commonly referred to

as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security, and Medicare taxes) and the matching FICA amounts contributed by the employer.

8. Employers were required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the number of employees who received wages, tips or other compensation; the total wages, tips and other compensation paid; the total amount of income taxes withheld; the total amount of Social Security and Medicare taxes due; and the total tax deposits made for the quarter.

9. At the end of January following the year wages were paid, employers were required to file a tax record known as an Employer's Annual Federal Unemployment Tax Return, Form 940 ("Form 940"). On the Form 940, among other things, the employer was required to set forth the total amount of federal unemployment tax payments made for all employees in the relevant year.

10. A person was responsible for collecting, accounting for, and paying over the employment taxes if he or she had the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

11. In cases in which employers fail to timely perform their employment tax obligations, the IRS has the authority to, among other things, levy employers' bank accounts and enforce liens against property to satisfy the unpaid employment taxes. Title 26 of the United States Code also authorizes the IRS to assess a Trust Fund Recovery Penalty ("TFRP") against any person who is responsible for collecting or paying withheld income and employment taxes and who willfully fails to collect or pay them. The TFRP is equal to the amount of the unpaid trust fund taxes.

*Defendant's Serial Failure to Pay Employment Taxes*

12.     At all times relevant, defendant **JAMES EARL MCCOLLUM, JR.**, oversaw the day-to-day operations of the McCollum entities, including McCollum & Associates and The McCollum Firm, and exercised control over the entities' financial affairs by, among other acts, hiring and supervising employees, operating payroll, approving payments for business expenses, making payroll payments to employees, signing and authorizing the signing and filing of IRS documents, keeping books and records, maintaining signature authority on business bank accounts, and controlling all banking transactions. Thus, **MCCOLLUM** was a responsible person for the McCollum entities and had a legal duty to collect, truthfully account for, and pay over to the IRS the trust fund taxes that were withheld from the McCollum entities' employees and had a duty to timely file Forms 941 for the entities.

13.     From at least in or about 2000 through 2024, defendant **JAMES EARL MCCOLLUM, JR.**, was at various times delinquent in timely filing Forms 941 and paying over the employment taxes to the IRS for the McCollum entities. As a result, the IRS initiated collection activity in an effort to recover the unpaid employment taxes. The IRS's efforts included, but were not limited to, the following,

   a.  Since at least 2010, filing notices of federal tax liens against **MCCOLLUM** and entities owned and controlled by him;

   b.  Since at least 2012, issuing notices of intent to levy against one or more bank accounts of entities controlled by **MCCOLLUM**; and

   c.  In or around 2021, assessing the TFRP against **MCCOLLUM**, individually, for the unpaid trust fund taxes of the entities he owned and controlled, including McCollum & Associates.

14. Specifically, on or about June 22, 2012, the IRS sent defendant **JAMES EARL MCCOLLUM, JR.** and McCollum & Associates a Final Notice of Intent to Levy requesting payment of McCollum & Associates' unpaid employment taxes for the Third Quarter of 2010, the First through the Third Quarter of 2011, and the First Quarter of 2012.

15. In or about November and December 2012, the IRS sent defendant **JAMES EARL MCCOLLUM, JR.** and McCollum & Associates Notices of Federal Tax Lien and Final Notices of Intent to Levy requesting payment of McCollum & Associates' unpaid employment taxes for the First through the Fourth Quarter of 2004, the Fourth Quarter of 2008 through the Fourth Quarter of 2009, and the Second Quarter of 2010 through the Second Quarter of 2012.

16. On or about the approximate dates listed below, the IRS filed federal tax liens in the Circuit Court of Prince George's County, Maryland, against the property of defendant **JAMES EARL MCCOLLUM, JR.** and McCollum & Associates for the approximate amounts listed below, based on McCollum & Associates' unpaid employment taxes:

| Approximate Date of Lien Entry | Relevant Tax Period(s) Ending | Case Number | Lien Amount |
| --- | --- | --- | --- |
| August 5, 2010 | Fourth Quarter of 2003 | FL10-2420 | $39,447.72 |
| August 30, 2012 | First Quarter of 2005 through Third Quarter of 2008 | FL12-1655 | $956,415.77 |
| August 15, 2013 | First Quarter of 2009 through Fourth Quarter of 2011, and Second Quarter of 2012 | FL13-1285 | $304,544.94 |
| March 21, 2019 | Fourth Quarter of 2011 | FL19-0159 | $62,277.33 |

17. At various times, defendant **JAMES EARL MCCOLLUM, JR.**, failed to timely file Forms 941 and to pay over employment taxes owed by McCollum & Associates, including

for the Second Quarter of 2016 through the Fourth Quarter of 2019, and further failed to timely file and pay annual federal unemployment tax returns for McCollum & Associates for tax years 2017 through 2020.

18. On or about December 19, 2018, and again on about January 28, 2019, IRS personnel attempted to contact via telephone Representative No. 1, whose identity is known to the A.D.A.A.G., who had previously been designated by defendant **JAMES EARL MCCOLLUM, JR.** as his Power of Attorney, to determine whether Representative No. 1 still represented **MCCOLLUM** for purposes of IRS's ongoing efforts to collect McCollum & Associates' unpaid employment taxes. On each occasion, IRS left a message asking Representative No. 1 to return the phone call.

19. On or about January 10, 2019, defendant **JAMES EARL MCCOLLUM., JR.**, formed a new entity with the name The McCollum Firm, which he solely owned and controlled.

20. On or about January 10, 2019, defendant **JAMES EARL MCCOLLUM, JR.**, caused The McCollum Firm to obtain a unique Employer Identification Number ("EIN") from the IRS.

21. On or about January 19, 2019, defendant **JAMES EARL MCCOLLUM, JR.**, registered and caused to be registered The McCollum Firm as an entity authorized to do business in Maryland as a limited liability company. Defendant **MCCOLLUM** continued to operate McCollum & Associates at this time.

22. Or about February 22, 2019, IRS personnel hand-delivered to the business address of defendant **JAMES EARL MCCOLLUM, JR.** and McCollum & Associates in College Park, Maryland, IRS correspondence notifying **MCCOLLUM** of, among other things, his right to a

due process hearing following a final Notice of Intent to Levy property to collect on unpaid employment taxes owed by McCollum & Associates.

23. On or about February 22, 2019, the IRS sent a letter reminding defendant **JAMES EARL MCCOLLUM, JR.** and McCollum & Associates that McCollum & Associates owed employment taxes for the First Quarter of 2006 through the Second Quarter of 2012, and owed unemployment taxes for tax years 2004 and 2006 through 2011.

24. On or about March 1, 2019, defendant **JAMES EARL MCCOLLUM, JR.** opened and executed a signature card for a business bank account ending in X3014 in the name of The McCollum Firm at Bank No. 1, an entity known to the A.D.A.A.G. **MCCOLLUM** deposited only $100 to open the account and maintained minimal balances throughout 2019. During this time, **MCCOLLUM** continued to maintain a business bank account ending in X4737 in the name of McCollum & Associates at Bank No. 1, which he had opened on or about July 10, 2004.

25. On or about March 21, 2019, Representative No. 1 contacted IRS personnel via telephone to discuss the collections case. IRS personnel informed Representative No. 1 that, among other things, defendant **JAMES EARL MCCOLLUM, JR.**, needed to start making federal tax deposits and that verification of the deposits should be sent to the IRS within three days of making the deposit. IRS personnel further informed Representative No. 1 that all missing tax returns since the First Quarter of 2016 to the present needed to be filed. IRS personnel further informed Representative No. 1 that the IRS would need a complete financial disclosure statement (both personal and business) before proceeding further.

26. On or about May 3, 2019, after defendant **JAMES EARL MCCOLLUM, JR.** failed to file the missing tax returns and other financial records, IRS personnel issued a summons

for financial records to McCollum & Associates, which was hand-delivered to the McCollum entities' business address in College Park, Maryland.

27. On or about June 7, 2019, defendant **JAMES EARL MCCOLLUM, JR.**, signed and submitted an IRS Form 433-B, Collection Information Statement for Businesses ("Form 433-B"), which the IRS used to obtain current financial information necessary for determining how a business could satisfy an outstanding tax liability. The Form 433-B required **MCCOLLUM** to list all assets, liabilities, bank accounts, and current financial information. **MCCOLLUM** failed to disclose his then-existing interest in and control over The McCollum Firm and its bank account.

28. On or about January 17, 2020, defendant **JAMES EARL MCCOLLUM, JR.**, opened and executed a signature card at Bank No. 1 for an Interest Only Legal Trust Account ending in X1663 in the name of The McCollum Firm. **MCCOLLUM** thereafter began making regular deposits and withdrawals from this account.

29. In or about early 2020, defendant **JAMES EARL MCCOLLUM, JR.**, began making regular deposits into account ending in X3014 in the name of The McCollum Firm.

30. In or about January 2020, defendant **JAMES EARL MCCOLLUM, JR.**, nominally transferred McCollum & Associates' employees to The McCollum Firm and began paying employees' wages from account ending in X3014 in the name of The McCollum Firm. The employees worked from the same business address, performed the same job duties, and served the same clients as before the transfer.

31. On or about February 28, 2020, defendant **JAMES EARL MCCOLLUM, JR.**, signed and submitted an IRS Form 433-B (OIC), Collection Information Statement for Business ("First Offer Form"), on which he offered to pay a total of $187,164.00 to the IRS to resolve

McCollum & Associates' outstanding federal tax liabilities. **MCCOLLUM** offered to make a single payment of $8,028.99 and then monthly payments of $2,314.00 for 23 months. On or about July 6, 2020, **MCCOLLUM** signed and submitted a revised IRS Form 656, Offer in Compromise ("Second Offer Form"), on which he offered to pay a total of $3,314.00 to the IRS to resolve McCollum & Associates' outstanding federal tax liabilities. The First Offer Form and Second Offer Form were both submitted to resolve the tax liabilities, plus interest, penalties, and additions to tax owed by McCollum & Associates for: employment taxes owed for the First Quarter of 2004 to the Fourth Quarter of 2004; the First Quarter of 2006 to the Third Quarter of 2012; the Second Quarter of 2016 through the Fourth Quarter of 2019; and federal unemployment taxes owed by McCollum & Associates for tax years 2004 and 2006 through 2011. On both the First Offer Form and Second Offer Form:

    a.    **MCCOLLUM** stated that he did not have enough in assets and income to pay the full amount of taxes owed;

    b.    **MCCOLLUM** reported that special circumstances prevented McCollum & Associates from paying the full amount of employment taxes and federal unemployment taxes that it owed and that **MCCOLLUM** might impair his ability to provide for himself and his family if he paid the taxes. **MCCOLUM** wrote that his "law practice took on large cases that did not settle. The project costs thousands of dollars and the practice could not recoil *(sic)* from."; and

    c.    **MCCOLLUM** indicated he would obtain the funds to satisfy the full amount of taxes owed to the IRS by refinancing his house and would "acquire the remaining balance from family and friends."

32. On or about April 6, 2020, IRS personnel informed Representative No. 1 that, among other things, defendant **JAMES EARL MCCOLLUM, JR.**'s First Offer Form represented that a payment of $22,207.00 was made with the offer and that monthly payments in the same amount would follow. IRS personnel further informed Representative No. 1 that due to the ongoing COVID-19 pandemic the pending payments would be suspended and **MCCOLLUM** would not have to begin making payments again until July 25, 2020. IRS personnel further informed Representative No. 1 that full catch-up payments must be remitted by July 15, 2020, or the offer would be terminated.

33. On or about July 22, 2020, IRS personnel informed Representative No. 1 that, among other things, defendant **JAMES EARL MCCOLLUM, JR.**, had not provided the requested documentation nor had he made all outstanding payments with respect to the offer. In response, Representative No. 1 said that he believed **MCCOLLUM** had formed another entity and was now handling all payments through that entity. Representative No. 1 further told the IRS that he would provide documentation of all federal tax deposits and liability for both entities for the First and Second Quarters of 2020.

34. On or about January 13, 2021, defendant **JAMES EARL MCCOLLUM, JR.**, provided false and misleading information to Representative No. 1, who in turn communicated that information to the IRS. **MCCOLLUM** told Representative No. 1 that McCollum & Associates was closed and no longer operating as of December 31, 2019, when **MCCOLLUM** knew his law firm had continued to operate as McCollum & Associates and then began using the name The McCollum Firm in or about January 2020.

35. On or about February 19, 2021, defendant **JAMES EARL MCCOLLUM, JR.**, signed an agreement of Assessment and Collection of TFRP. In the agreement, he

11

acknowledged that he was personally liable for approximately $437,368.46, which represented the amount of trust fund taxes withheld from McCollum & Associates employees' wages for the Second Quarter of 2016 through the Fourth Quarter of 2019.

36. In or about January 2021 through in or about March 2021, defendant **JAMES EARL MCCOLLUM, JR.**, transferred and caused a series of transfers from Bank No. 1 account ending in X4737 in the name of McCollum & Associates to Bank No. 1 account ending in X3014 in the name of The McCollum Firm.

37. In or about January 2021 through in or about June 2021, **JAMES EARL MCCOLLUM, JR.**, wrote the following checks, payable to the U.S. Department of the Treasury from a personal bank account ending in X1181 at Bank No. 1, while knowing that there would be insufficient funds for each check:

| Approximate Date of Payment | Check Number | Amount |
| --- | --- | --- |
| February 18, 2021 | 261 | $22,207.00 |
| March 9, 2021 | 266 | $22,207.00 |
| April 1, 2021 | 269 | $22,207.00 |
| May 5, 2021 | 274 | $22,207.00 |
| June 3, 2021 | 278 | $22,207.00 |

38. On or about March 23, 2021, defendant **JAMES EARL MCCOLLUM, JR.**, diverted McCollum & Associates fees by depositing and causing to be deposited into his personal bank account a client's check made payable to "McCollum & Associates" and designated "Attorney Fee" on the memo line in the amount of $7,038.67.

39. On or about June 1, 2022, defendant **JAMES EARL MCCOLLUM, JR.**, diverted McCollum & Associates fees by depositing and causing to be deposited into his personal bank account a client's check made payable to "James McCollum Law Firm" for legal fees in the amount of $5,000.00.

40. Beginning in or about January 2020 and continuing until at least 2024, defendant **JAMES EARL MCCOLLUM, JR.**, failed to timely file Forms 941 and timely pay over employment taxes owed for the McCollum Firm, including for the First Quarter of 2020 through the Fourth Quarter of 2023, and further failed to timely file Forms 940 for The McCollum Firm for tax years 2020 through 2023.

41. As of the date of this Information, defendant **JAMES EARL MCCOLLUM, JR.**, had failed to pay over approximately $2,174,992.83 in employment taxes due and owing to the IRS with respect to wages paid to the employees of the McCollum entities from the Fourth Quarter of 2000 through the Fourth Quarter of 2023.

42. As of the date of this Information, defendant **JAMES EARL MCCOLLUM, JR.**, had failed to file U.S. Individual Income Tax Returns, Forms 1040, for the tax years 2020 through 2023, despite filing for extensions of time to file the returns and having received wages and other compensation from the McCollum entities in amounts greater than the minimum filing amounts established by law for each of these years, and further failed to pay approximately $220,515.00 in individual income taxes due and owing for these years.

## COUNT ONE
### (Willful Failure to Pay Over Trust Fund Taxes)

43. The allegations of paragraphs 1 through 42 are realleged and incorporated, as if set forth in full herein.

44. Between on or about January 1, 2021 and on or about April 30, 2021, both dates being approximate and inclusive, within the District of Maryland and elsewhere, the defendant **JAMES EARL MCCOLLUM, JR.**, being a responsible person on behalf of The McCollum Firm, and thereby having the duty to collect, account for on quarterly Forms 941, and to pay over to the IRS the federal income taxes and FICA taxes from the total taxable wages of the employees, did willfully fail to truthfully account for and pay over the to the IRS all of the trust fund taxes due and owing to the United States on behalf of the employees of The McCollum Firm for the First Quarter of 2021, in the approximate amount of $24,236.29

**All in violation of Title 26, United States Code, Section 7202.**

*[signature]*
KAREN E. KELLY
Acting Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

Dated: 4/4/2025