

**U.S. Department of Justice**
**Tax Division**

*Mark McDonald*
*Trial Attorney*
*Mark.S.McDonald@usdoj.gov*

*Northern Criminal Enforcement Section*
*150 M Street N.E., Rm 1.114*        DIRECT: 202-305-2672
*Washington, D.C. 20002*              MAIN: 202-514-5150

*Jorge Almonte*
*Assistant Chief*
*Jorge.Almonte@usdoj.gov*

*Northern Criminal Enforcement Section*
*150 M Street N.E., Rm 1.125*        DIRECT: 202-305-3676
*Washington, D.C. 20002*              MAIN: 202-514-5150

April 4, 2025

Patricia L. Richman, Esq.
Office of the Federal Defender
  for the District of Maryland
6411 Ivy Lane, Ste. 710
Greenbelt, MD 20770
Phone: 301-344-0600
Fax: 301-344-0019
Patricia_Richman@fd.org

Re:    James Earl McCollum, Jr.
       25-0096-TJC PS

Dear Ms. Richman:

This letter, together with the Sealed Supplement, confirms the plea agreement (hereinafter, "Agreement") which has been offered to James Earl McCollum, Jr. (hereinafter "the Defendant") by the U.S. Department of Justice, Tax Division (hereinafter, "the Government"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **April 4, 2025**, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offenses of Conviction

1.     The Defendant agrees to plead guilty to Count One of an Information charging him with willfully failing to account for and pay over trust fund taxes, in violation of Title 26, United States Code, Section 7202, arising from the wages paid by The McCollum Firm, LLC, during the First Quarter of 2021 (Count One). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

<u>Elements of the Offense</u>

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial, are as follows:

      a.      26 U.S.C. § 7202:

           i.      The Defendant had a duty to collect, account for, and pay over a tax;

           ii.     the Defendant failed to collect, truthfully account for, or pay over the tax; and

           iii.    the Defendant did so willfully, with the specific intent to violate the law.

<u>Penalties</u>

3.      The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|-------|---------|----------------|----------------|--------------------|--------------|--------------------|
| 1 | 26 U.S.C. § 7202 | N/A | 5 years | 3 years | $250,000 or twice gross gain/loss | $100 |

      a.      Prison:  If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

      b.      Supervised Release:  If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

      c.      Restitution:  The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

      d.      Payment:  If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d).  The Defendant may be required to pay interest if the fine is not paid when due.

      e.      Collection of Debts:  If the Court imposes a fine or restitution, the Government's Financial Litigation Unit will be responsible for collecting the debt.  If the Court

establishes a schedule of payments, the Defendant agrees that: (i) the full amount of the fine or restitution is nonetheless due and owing immediately; (ii) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (iii) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes the Government to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by the Government.

## Waiver of Rights

4.      The Defendant understands that by entering into this Agreement he surrenders certain rights as outlined below:

a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, the Government, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court

3

could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.       If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        f.       By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.       If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.       By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

Advisory Sentencing Guidelines Apply

        5.       The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

        6.       The Government and the Defendant understand, agree, and stipulate to the Statement of Facts set forth in Attachment A hereto which the Government would prove beyond a reasonable doubt, and to the following sentencing guidelines factors:

4

a.    United States Sentencing Guidelines ("U.S.S.G.") (amendments effective November 1, 2024) § 2T1.6 applies to the offense charged in Count One of the Information. The base offense level is determined from U.S.S.G. § 2T4.1 (Tax Table) corresponding to the tax loss.

b.    Pursuant to U.S.S.G. § 1B1.3, Application Notes 1 and 2 of the Commentary to § 2T1.1, and §§ 2T1.6(a), 2T4.1(I), the base offense level is 22 because the tax loss, including all relevant conduct, including the federal individual income taxes due and owing by the Defendant for the tax years 2020 to 2022, and the trust fund and employer's shares of the employment taxes due and owing for the calendar quarters from the Fourth Quarter of 2000 through the Fourth Quarter of 2023, inclusive, with respect to the following entities: McCullum, P.C.; McCollum & Associates, LLC; and The McCollum Firm, LLC (collectively, "the McCollum entities"), is greater than $1,500,000 and not more than $3,500,000.

c.    Assuming the Defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the Defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), in recognition of the Defendant's timely notification of his intention to plead guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. The Government may oppose *any* adjustment for acceptance of responsibility if the Defendant (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about his involvement in the offense; (iv) is untruthful with the Court, the Government, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; or (vii) attempts to withdraw his plea of guilty. If the Defendant obtains a 3-level reduction, the adjusted offense level is 19.

d.    If the Defendant is determined to receive no criminal history points pursuant to U.S.S.G. § 4A1.1, and assuming the Defendant meets all of the remaining criteria for certain zero-point offenders pursuant to U.S.S.G. § 4C1.1, the parties understand the Defendant will receive an additional 2-level reduction to his offense level.

e.      In accordance with the above, the applicable Guidelines offense level for Count One of the Information is 17.

7.      There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

8.      Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the U.S.S.G. are in dispute or will be raised in calculating the advisory guidelines range.

9.      At the time of sentencing, the Government and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a).  The Government and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that the Government or the Defendant deem relevant to sentencing.

<u>Waiver of Appeal</u>

10.      In exchange for the concessions made by the Government and the Defendant in this Agreement, the Defendant and the Government waive their rights to appeal as follows:

a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever.  This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute, to the extent that such challenges legally can be waived.

b.      The Defendant and the Government knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: The Defendant reserves the right to appeal any term of imprisonment to the extent it exceeds the top of the final advisory guidelines range as calculated by the Court at sentencing.  Nothing in this agreement shall be construed to prevent the Defendant or the Government from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

c.  The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from the Government or any investigating agency.

<u>Restitution and Civil Tax Assessment</u>

11.  The Defendant agrees to pay restitution to the Internal Revenue Service ("IRS") for the full amount of additional taxes due and owing as a result of the Defendant's failure to file U.S. individual income returns and to pay federal income taxes due and owing for the tax years 2020 to 2022, and for the unpaid trust fund and employer's shares of the employment taxes due and owing with respect to the McCollum entities for the calendar quarters from the Fourth Quarter of 2000 through the Fourth Quarter of 2023, inclusive, for a total amount of $2,395,507.83, in accordance with 18 U.S.C. §§ 3663, 3664, and 3664, including, but not limited to, 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3).  The Defendant reserves the right to argue that the amount of restitution may be less than the amount calculated by the Government pursuant the rights reserved in Paragraph 6(b), above.

12.  The total amount of restitution consists of the following:

| Description of Taxes Due & Owing | Taxpayer/Entity | Total |
|---|---|---|
| Federal Individual Income Taxes for the years 2020, 2021, and 2022 | Defendant | $220,515.00 |
| Trust Fund and Employer's Shares of the Employment Taxes for the Fourth Quarter 2000 to the Fourth Quarter 2004 | McCollum P.C. (EIN 52-2280119) | $36,143.71 |
| Trust Fund and Employer's Shares of the Employment Taxes for the First Quarter 2004 to Fourth Quarter 2015 | McCollum & Associates, LLC (EIN 33-1094551) | $916,991.71 |
| Trust Fund and Employer's Shares of the Employment Taxes for the First Quarter 2016 to the Fourth Quarter 2018 | McCollum & Associates, LLC (EIN 33-1094551) | $453,370.65 |
| Trust Fund Share of the Employment Taxes for the First Quarter 2019 through the Fourth Quarter 2019 | McCollum & Associates, LLC (EIN 33-1094551) | $120,266.91 |
| Employer's Share of the Employment Taxes for the First Quarter of 2019 through the Fourth Quarter 2019 | McCollum & Associates, LLC (EIN 33-1094551) | $47,110.15 |
| Trust Fund Share of the Employment Taxes for the First Quarter 2020 through the Fourth Quarter 2023 | The McCollum Firm, LLC (EIN 83-3088950) | $431,646.92 |
| Employer's Share of the Employment Taxes for the First Quarter of 2020 through the Fourth Quarter of 2023 | The McCollum Firm, LLC (EIN 83-3088950) | $169,462.78 |
| **GRAND TOTAL** | | **$2,395,507.83** |

13.    The Defendant agrees that the total amount of restitution reflected in this Agreement results from the Defendant's willful conduct, including relevant conduct.

14.    Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The Defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

15.    The Defendant is entitled to receive credit for restitution paid pursuant to this Agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The Defendant understands and agrees that the Agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest, and penalties from the Defendant relating to the conduct covered by this Agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the Defendant's obligation to pay any remaining civil tax liability. The Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

16.    The Defendant understands that he is not entitled to receive credit with the IRS for any payment until the payment is received by the IRS. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of funds obtained as a result of the criminal conduct set forth in the factual stipulation as well as any funds that may be available as substitute assets for the purpose of restitution. The Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and the Government may seek to be relieved of its obligations under this agreement.

17.    If the Defendant makes a payment of the restitution agreed to above prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to paragraph 11.

18.    The Defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

8

Clerk of the Court, District of Maryland
Attn: Fourth Floor, Clerk's Office
101 W. Lombard St.
Baltimore, MD 21201

19.     With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the Defendant will provide the following information:

      a.     The Defendant's name and Social Security Number;

      b.     The District Court and the docket number assigned to the case;

      c.     Tax year(s) or period(s) for which restitution has been ordered; and

      d.     A statement that the payment is being submitted pursuant to the District Court's restitution order.

The Defendant agrees to include a request that the Clerk of Court send the information, along with the Defendant's payments, to the IRS at the address listed below:

IRS – RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

20.     The Defendant also agrees to send a notice of any payments made pursuant to this Agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS – RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

Further Prosecution

21.     Under the terms of the Agreement and in view of the Defendant's plea to Count One of the Information in violation of Title 26, United States Code, Section 7202, the Government agrees not to prosecute the Defendant for further tax offenses arising from the Defendant's failure to file U.S. Individual Income Tax Returns and failure to pay federal individual income taxes due and owing for the tax years 2020 to 2024, the Defendant's allegedly corrupt endeavor to obstruct and defeat the due administration of the internal revenue laws with respect to the collection of individual, employment, and unemployment taxes for the McCollum entities, and the Defendant's failure to truthfully account for and pay over employment taxes for the McCollum entities for the tax years 2000 through 2024, inclusive.

9

## Waiver of Discovery

22.     The Defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the Defendant waives any and all right to withdraw his pleas or to attack his convictions, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), other than information establishing the factual innocence of the Defendant, and impeachment material pursuant to Giglio v. United States, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

## Waiver of Statute of Limitations

23.     It is further agreed that should the conviction following the Defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then the Government can reinstate the charges provided under 18 U.S.C. § 3296.

## Defendant's Conduct Prior to Sentencing and Breach

24.     Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, the Government, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

25.     If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) the Government will be free from its obligations under this Agreement; (ii) the Government may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, the Government will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that the Government is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

10

## Immigration Consequences

26.     The Defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his removal from the United States is presumptively mandatory and that, at a minimum, he is at risk of being removed or suffering other adverse immigration consequences.  If the Defendant is a naturalized citizen of the United States, he recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status.   For example, under federal law, an individual may be subject to denaturalization and removal if his naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured.  The Defendant acknowledges that he has discussed the possible immigration consequences (including removal or denaturalization) of his guilty plea and conviction with defense counsel.  The Defendant affirms that he wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States.  The Defendant understands that denaturalization and other immigration consequences are typically subject of a separate proceeding, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of the Defendant's conviction on the Defendant's immigration or naturalization status.  It is agreed that the Defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction.  It is further agreed that the Defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from his guilty plea and conviction.

## Court Not a Party

27.     The Court is not a party to this Agreement.  The sentence to be imposed is within the sole discretion of the Court.  The Court is not bound by the Sentencing Guidelines stipulation in this Agreement.  The Court will determine the facts relevant to sentencing.  The Court is not required to accept any recommendation or stipulation of the parties.  The Court has the power to impose a sentence up to the maximum penalty allowed by law.  If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement.  Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive.  The Defendant agrees that no one has made such a binding prediction or promise.

<u>Entire Agreement</u>

28.    This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between the Government and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and the Government other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Dated: <u>4/4/2025</u>                                Very truly yours,

Karen E. Kelly
Acting Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

Jorge Almonte
Assistant Chief
Mark McDonald
Trial Attorney
U.S. Department of Justice, Tax Division
Northern Criminal Enforcement Section

I have read this Agreement, including the Sealed Supplement, confirms and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

4/24/25                                      _James E. McCollum, Jr._
Date                                         James Earl McCollum, Jr.

I am James Earl McCollum, Jr.'s attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this Agreement is informed and voluntary.

4/21/25                                      _Patricia Richman_
Date                                         Patricia Richman, Esq.
                                             Office of the Federal Defender

12