# EXHIBIT

# F

**BOARD OF PUBLIC WORKS**
**SECRETARY'S**
**ACTION AGENDA**
**May 17, 2023**



*Contact: David Bohannon 410-260-7335*
*david.bohannon4@maryland.gov*

4.    **BOARD OF PUBLIC WORKS**
*Office of Administrative Hearings*
*Compensation to Erroneously Confined Individual*
*Mr. David Veney*

| | |
|---|---|
| ***Recommendation***: | That the Board of Public Works pay Mr. David Veney compensation for erroneous confinement in the amount of $714,676.60, and McCollum & Associates, LLC attorney's fees in the amount of $8,470.54. |
| ***Authority:*** | State Finance & Procurement Article, § 10-501(e) *"The Board of Public Works shall pay the compensation ordered [by the Office of Administrative Hearings] under subsection (d) of this section in:* |

*(1) one initial payment equal to the annual amount of the State's most recent median household income to be paid within 60 days after receiving the order; and*

*(2) (i)  after the initial payment under item (1) of this subsection, installments paid over a period not to exceed 6 fiscal years; or*
*(ii)  in accordance with an expedited payment schedule recommended under subsection (d)(1)(iv) of this section."*

| | |
|---|---|
| ***Order Received:*** | April 10, 2023 *Note: if an appeal is filed by May 10, this item will be withdrawn.* |
| ***Amount:*** | $ 714,676.60 – Compensation $    8,470.54 – Attorney's Fees $ 723,147.14   Total |

***Compensation Payment Schedule:***

| Payment | Date | Amount |
|---|---|---|
| 1 | Within 60 days of OAH Order (June 9, 2023) (FY23) | $   91,431.10 |
| 2 | By December 31, 2023 (FY24) | $ 124,649.10 |
| 3 | By June 30, 2024 (FY24) | $ 124,649.10 |
| 4 | By December 31, 2024 (FY25) | $ 124,649.10 |
| 5 | By June 30, 2025 (FY26) | $ 124,649.10 |
| 6 | By December 31, 2025 (FY27) | $ 124,649.10 |

6

**BOARD OF PUBLIC WORKS**
**SECRETARY'S**
**ACTION AGENDA**
May 17, 2023



---

4.    **BOARD OF PUBLIC WORKS** *(cont'd)*

*Attorney's Fees Payment Schedule:*

| Payment | Date | Amount |
|---|---|---|
| 7 | Within 60 days of deficiency appropriation passage (FY23) | $8,470.54 |

*Fund Source Payment 1:*    BPW Contingent Fund                      D05E01.02
                            BPW Settlements and Judgements          D05E01.15

*Fund Source Payments 2-6:* BPW Settlements and Judgements *       D05E01.15
        * pending appropriations during future General Assembly Sessions

*Fund Source Payment 7:*    BPW Contingent Fund                      D05E01.02

**Remarks**: *Conviction.*  After an initial hung jury, in late 1997, a second jury in the Wicomico County Circuit Court convicted Mr. David Veney of First-Degree Rape, and First-Degree Burglary for a 1996 attack on a woman in her home in Salisbury.

*Release.* In 2005, Mr. Veney filed a petition for postconviction relief alleging ineffective assistance of counsel. The State agreed with the merits of the petition and agreed to a new trial. In the course of developing his petition, Mr. Veney developed significant evidence of actual innocence, and after an additional investigation, the State declined to re-prosecute the matter.

*Actual Innocence.* Upon receipt of Mr. Veney's request for compensation, the Office of the State's Attorney for Wicomico County, through its Prosecution Integrity Unit (PIU), undertook a reinvestigation of the facts and circumstances surrounding the Claimant's conviction. Considering the evidence uncovered by the PIU investigation, the additional information provided by the Claimant, the affirmative evidence of the Claimant's innocence, and the absence of any credible evidence implicating him, the parties agreed before the Administrative Law Judge that the Claimant is actually innocent of the crimes for which he was convicted; and further, agreed that Mr. Veney was eligible for relief under the Act.

*Compensation.* In its decision, the Administrative Law Judge found that: (1) Mr. Veney was confined for 2,853 days, (2) the current annual income figure to use is $ 91,431.00, and (3) under the statutory formula he is entitled to $ 714,676.50 in compensation. However, the formal order directs the State to pay compensation of $ 714,676.60. The recommendation above adds the additional ten cents ordered to the payment amount.

7



**BOARD OF PUBLIC WORKS**
**SECRETARY'S**
**ACTION AGENDA**
**May 17, 2023**

---

4.    **BOARD OF PUBLIC WORKS** *(cont'd)*

*Remarks (cont'd):*

*Recommended Expedited Payment Schedule.* Under SFP § 10-501(d)(1)(iv), if an Administrative Law Judge determines it is in the best interests of the exoneree, they are to include a recommendation for an expedited payment schedule in their order. Accordingly, the decision *In the Matter of the Wrongful Conviction of David Veney, Claimant v. Board of Public Works* recommends an expedited payment schedule over approximately three years. The Department of Budget & Management has reviewed this recommendation and indicated it can be met with the funding sources as noted above.

*Attorney's Fees.* Under SFP § 10-501(d)(1), orders for compensation and benefits shall include reasonable attorney's fees and expenses associated with the action brought under this section. The decision *In the Matter of the Wrongful Conviction of David Veney, Claimant v. Board of Public Works* ordered payment of attorney's fees in the amount of $8,470.54.

The Department of Budget and Management has recommended the Board of Public Works pay ordered attorney's fees out of the recently approved deficiency appropriation into the Contingent Fund for the FY 2023 Operating Budget.

*See also Secretary's Agenda, Item 14 on this May 17, 2023 agenda for related item requesting approval for the award of payment of a housing benefit in the amount of $89,100.*

---

**BOARD OF PUBLIC WORKS**                    **THIS ITEM WAS:**

**APPROVED**        **DISAPPROVED**          **DEFERRED**        **WITHDRAWN**

        **WITH DISCUSSION**                          **WITHOUT DISCUSSION**

8