**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA

v.

JAMES McCOLLUM,

Defendant.

Criminal Action No. 25-0096-TDC

## MEMORANDUM ORDER

Defendant James McCollum, who was convicted of Willful Failure to Pay Over Trust Fund Taxes, in violation of 26 U.S.C. § 7202, and sentenced to eight months of imprisonment, has filed a Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In his Motion, McCollum, who was initially designated to the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania ("FCI-Schuylkill") but has yet to serve any of his sentence, seeks a reduction of his sentence to "time served" with a special condition that he be placed on home confinement for the first eight months of supervised release, based on challenges in providing care for his adult daughter with disabilities. Mot. at 2, ECF No. 41.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a reduction of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

As threshold issues, the Government argues that McCollum may not seek a sentence reduction pursuant to § 3582(c)(1)(A) because he has not yet begun his prison sentence, and because he has not exhausted administrative remedies. According to McCollum, he made a request for sentence reduction to the Warden of FCI-Schuylkill, and more than 30 days have elapsed since that filing, so it appears that he has fulfilled the exhaustion requirement. The Court need not address the dispute over whether McCollum may seek a sentence reduction prior to reporting to prison because, as discussed below, even assuming that the Motion is procedurally proper, the Motion will be denied on the merits.

## I. Extraordinary and Compelling Reasons

McCollum, who was sentenced on January 7, 2026 and was granted multiple extensions of his self-surrender date, has not served any of his eight-month term of imprisonment. He seeks a

reduction of his sentence on the grounds that his adult daughter has certain physical and mental disabilities, as referenced in the Presentence Investigation Report ("PSR"), his original Sentencing Memorandum, and the present Motion, that require ongoing care by a parent, but McCollum's wife's availability is limited by work, and the family has to date been unable to make alternative arrangements. Generally, family circumstances of the defendant can constitute an extraordinary and compelling reason under certain conditions set forth in the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), one of which is "[t]he death or incapacitation of the caregiver of the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or medical condition." U.S.S.G. § 1B1.13(b)(3)(A). Here, although McCollum has asserted that his wife's employer has now reduced her ability to work from home, he has not demonstrated that she is actually incapacitated within the meaning of the relevant Guidelines provision.

McCollum correctly notes that extraordinary and compelling circumstances are not necessarily limited to the specifically enumerated circumstances set forth U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13(b)(5) (stating that extraordinary and compelling reasons can be based on other circumstances "similar in gravity" to the enumerated circumstances). Even viewed in this flexible way, the Court does not find extraordinary and compelling reasons because McCollum has not demonstrated that his wife cannot be available to provide the needed care during the limited period of the sentence, only that there would be financial hardship in doing so. Where the PSR reflects that McCollum, who spent his career as an attorney, has a positive net worth, the Court does not find that this issue presents extraordinary and compelling reasons warranting a sentence reduction.

## II. 18 U.S.C. § 3553(a)

Even if the Court were to find extraordinary and compelling reasons, before granting a sentence reduction, the Court must also consider the sentencing factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Although McCollum seeks a sentence of time served, where he has not actually served any time relating to this case, the Court construes the request to be for a sentence of probation with a special condition of eight months of home confinement—essentially to eliminate the prison sentence in favor of home confinement.

Even though extraordinary and compelling circumstances need not be unforeseen, U.S.S.G. § 1B.13(e), the Court notes that at the time of sentencing it was fully aware of the condition of McCollum's daughter and of the challenges to providing her care during any period of incarceration, including that McCollum's wife is employed. *See* Def.'s Sentencing Mem. at 28, Ex. H, ECF No. 27. Notably, the Court did not make its sentencing determination based on any evidence or assumption that McCollum's wife would be permitted to work from home during much or all of the work week. The Court thus fully considered these family circumstances in deciding on the sentence, which included a substantial downward variance based in significant part on the impact of a sentence on McCollum's daughter. Nevertheless, the Court concluded that the imposed sentence of incarceration was necessary based on the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to provide adequate deterrence; and the need to avoid unwarranted disparities among similar defendants. Where the sentencing occurred only seven months ago, the Court will rely substantially on that analysis, which is incorporated here by reference.

The Court maintains that, even with the additional fact that McCollum's wife's employment requires in-person work during most of the work week, the eight-month sentence previously imposed is necessary to meet the purposes of sentencing as set forth in § 3553(a). In particular, the Court again concludes that even with the caregiving challenges that the limited term of imprisonment would impose on McCollum's family, the proposed sentence of probation with home confinement is simply insufficient to reflect the seriousness of the offense, provide adequate deterrence, and meet the other purposes of sentencing where McCollum, an attorney who had taken an oath to uphold the rule of law, necessarily understood the consequences of violating the law and yet committed this crime.

So even if the requirement of extraordinary and compelling reasons were deemed to have been met, the Court would not, in its discretion, grant the requested sentence reduction. The Motion will therefore be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. McCollum's Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 41, is DENIED.
2. As previously ordered, and as proposed by McCollum, *see* ECF Nos. 44, 45, McCollum shall self-surrender one week after the date of this Order. Consistent with the customary schedule that limits self-surrenders to the first workday of the week, McCollum must self-surrender on **Tuesday, September 8, 2026 before 2:00 p.m.** to the location identified by the United States Marshals Service.

Date: August 25, 2026

THEODORE D. CHUANG
United States District Judge